IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MARQUIS WILLIAMS (01),<br><br>        Defendant. | Case No. 22-20015-01-DDC |

### MEMORANDUM DECISION AND RESTITUTION ORDER

Defendant Marquis Williams pleaded guilty to two charges of sexually exploiting a child. His binding Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) called for a 262-month sentence on each charge, with each term running concurrently to the sentence on the other charge. The court accepted the Plea Agreement and imposed the jointly recommended sentence. *See* Doc. 33 (J. in a Criminal Case) at 1–2; Doc. 26 (Plea Agreement) at 2.

The Plea Agreement briefly referenced the subject at issue now—restitution—but only in a limited fashion. It required Mr. Williams to make "restitution to [the two minors victimized by his criminal conduct] as determined by the Court at the time of sentencing[.]" Doc. 26 (Plea Agreement) at 2. At the sentencing hearing, the court awarded restitution to two victims in the total amount of $6,000. Doc. 33 (J. in a Criminal Case) at 7. At sentencing, defense counsel raised an objection to the payment schedule governing Mr. Williams's restitution obligation but only after the court had announced the sentence. Specifically, the announced sentence made Mr. Williams's $6,000 restitution obligation due immediately but permitted him to satisfy his obligation in payments of: (a) not less than 10% of the funds deposited each month into his inmate trust fund account during his time in custody; and (b) monthly installments of not less

than 5% of his gross household income over the 10 years of his term of supervised release. Defense counsel's objection asked the court to impose "a cap" on the percentage withdrawn from Mr. Williams's inmate trust account and then applied to his restitution debt. Counsel explained the logic for this request, saying that the Bureau of Prisons (BOP) frequently seizes all the money in an inmate's prison trust fund account. So, defense counsel explained, when a defendant's family deposits money in the trust account for a prisoner to use for phone calls, postage, or hygiene purchases at the prison's commissary, BOP seizes all the money and frustrates the family's efforts to make prison life more bearable.

Because defense counsel hadn't raised this objection before the court imposed the sentence, the court vacated the component of its sentence adopting a payment schedule. The court announced that it would decide the payment schedule question after the sentencing and ordered the parties to brief the issue. They now have complied. *See* Doc. 36 (Def.'s Supp. Br.); Doc. 37 (Government's Resp. to Def.'s Supp. Br.).[1]

This Restitution Order decides that remaining issue. But it doesn't alter any other aspect of the restitution component of Mr. Williams's sentence, its attendant restitution findings, or any other component of the sentence.

---

[1] Once defendant raised his objection about the payment schedule, the court shared its memory that it had 60 days after the sentencing to decide this disputed aspect of the restitution obligation. The court had more time than it realized. Title 18 U.S.C. § 3664(d)(5) allows the court—in some circumstances—90 days "after sentencing" to determine the extent of the victim's loss. *See also Dolan v. United States*, 560 U.S. 605, 611 (2010) (explaining that even when this 90-day deadline is missed, the untimeliness "does not deprive the court of the power to order restitution."). Here, as it turns out, the restitution issue doesn't implicate the statute's 90-day deadline because the court already has identified the extent of the two victims' losses and imposed the defendant's restitution obligation. The only unresolved question is about a repayment schedule in lieu of immediate payment. And, sentencing courts have authority to amend the payment schedule for restitution whenever a defendant's economic circumstances shift. *United States v. Overholt*, 307 F.3d 1231, 1255–56 (10th Cir. 2002).

**Question Presented**

Should the court, as Mr. Williams requests, cap his payment schedule for satisfying restitution at "30% of the funds deposited each month into his [BOP] inmate trust account?" *See* Doc. 36 (Def.'s Supp. Br.) at 1.

**Summary of the Parties' Arguments and Analysis**

A. **Mr. Williams's Arguments**

Mr. Williams asserts that sentencing courts have considerable discretion to structure payment schedules for restitution obligations, but there is "no room" for them to delegate this discretion to the BOP, the United States Probation Office, or anyone else. *Id.* at 2 (citing *Overholt*, 307 F.3d at 1256). Defendant argues that the court, unless it cabins the repayment leeway given the BOP, will "impermissibly delegate" its discretion over restitution questions. *Id.* at 3. Sharpening the point a bit, Mr. Williams contends that ordering him to satisfy his restitution debt by payments of not less than 10% of the funds deposited in his inmate trust fund account will allow the BOP "to seize any amount between 10% and 100%" of the trust fund. *Id.* Providing the specific guidance that he requests will ensure, defendant argues, that BOP staff collects payments "in a more consistent and equitable manner." *Id.*

B. **Government's Arguments**

In response, the United States directs the court to several decisions where courts—including this one—have held that ordering restitution payments of at least 10% of the funds deposited monthly into defendant's inmate trust fund account doesn't violate *Overholt*'s ban on impermissible delegation. *See* Doc. 37 (Government's Resp. to Def.'s Supp. Br.) at 3–5, first citing *United States v. Grigsby*, No. 12-10174-JWB, 2022 WL 17555408, at *3 (D. Kan. Dec. 9, 2022); then citing *United States v. Sirvira*, No. 13-40115-04-JAR, 2021 WL 3617337, at *1–2

3

(D. Kan. Aug. 16, 2021); then citing *Shaw v. Daniels*, No. 10-CV-00234-MSK, 2010 WL 4628905, at *1–3 (D. Colo. Nov. 8, 2010); and then citing *United States v. Lowe*, 220 F. App'x 831, 833 (10th Cir. 2007). As explained in Part C, below, the court concludes that the Circuit's decision—albeit in an unpublished decision—best prescribes an outcome ameliorating defendant's concerns here.

### C. Analysis

The Circuit decision cited by the government—*United States v. Lowe*—explicitly addressed an improper delegation argument. There, the district court imposed a $10,000 restitution obligation at sentencing. 220 F. App'x at 832. Later, the offender filed a pro se motion asking the district court to revise his payment schedule. *Id.* He claimed that BOP had taken funds deposited into his account by family, asserting that the BOP, in effect, had increased his payment schedule "based on these unscheduled gifts." *Id.* at 832–33 (quoting defendant's filing). The district court granted the pro se motion and ordered defendant to pay the unpaid portion of his restitution obligation immediately but permitted payment "on a schedule of the greater of $25 quarterly or 50% in income" under the BOP's Inmate Financial Responsibility Program. *Id.* at 833.

Defendant appealed, arguing that one could interpret the district court's order "in several different ways" but BOP still could "raise the [restitution] payment" at will. *Id.* And though defendant didn't provide an interpretation permitting this construction of his schedule, he persisted, arguing that the district court's order permitted the BOP "to continue to apply 50% of any gift" that defendant received toward his restitution payments. *Id.*

The Tenth Circuit rejected his argument. It reasoned that *Lowe*'s payment schedule, "[u]nlike *Overholt* [did] not delegate to the [BOP] discretion to change the payment schedule by

4

changing its regulations." *Id.* The Circuit then affirmed the repayment schedule adopted in the court's order revising defendant's restitution repayment.

Here, the court, in its discretion, elects to follow *Lowe*'s lead. It thus imposes the following payment plan as an alternative form of immediate payment on Mr. Williams's restitution obligation: Mr. Williams's $6,000 restitution obligation remains due immediately, but he may make payments on that obligation on the following schedule:

(a) While in BOP custody, Mr. Williams must pay the *greater* of

- $50 quarterly, or

- 50% of the income under the Federal Bureau of Prisons Inmate Financial Responsibility Program.

(b) If Mr. Williams hasn't discharged his restitution obligation by the time he is released from BOP custody, then, commencing 30 days following his release from custody, he must make monthly payments equal to the *greater* of

- $50, or

- 10% of his monthly gross household income over his 10 years of supervised release.

This payment schedule, following *Lowe*'s lead, complies with *Overholt*'s restriction. And it adopts meaningful measures to ensure that the victims of Mr. Williams's criminal offenses are compensated for their losses.

**IT IS SO ORDERED.**

**Dated this 22nd day of August 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

5